## Classification of School Districts

O'HARA, Deputy Attorney General, June 17, 1931.—We have your request to be advised upon the effect to be given to sections 102 to 107 of the Act of May 18, 1911, P. L. 309, and its amendments, in determination of the following questions:

(a) Should inmates of institutions for indigent poor, insane and tubercular persons be included as part of the population of a school district within which the institutions are located, for the purpose of classification of the district as provided in section 102 of the code?

(b) Should the transient population of a privately-owned school for deaf and dumb children, which receives state aid to the full amount of the cost of tuition and maintenance, be included in the population of a school district within which it is located, for the purposes of classification?

In our opinion, and you are advised, if nonresidents of the district, they should not. The provision of this section does not appear to have been passed upon by the courts of this state. However, we base the conclusion here expressed on the following reasons:

The school districts of the state are classified upon the basis of population into four classes. Distinctions are made by law as to the administration of the districts of the several classes: for instance, the minimum salaries which shall be paid to teachers, supervisors, principals and superintendents vary according to the class of the district; the percentage of salaries to be paid to the district by the Commonwealth for its teachers, supervisors, principals and all other members of the teaching and supervisory staff in the schools of any given district is determined by the class of the district; the number of the officers of the district and the functions to be performed by its officers, as

well as the manner of their election or appointment, vary in districts of different classes. Therefore, the ascertainment of the class of the district has important consequences, financial and otherwise.

For the purpose of such ascertainment, the School Code has provided, sections 106, 107, that "the last United States census, as set forth in the official report thereof, shall be the basis on which the population of the several school districts shall be computed . . . ," and "after the taking of each United States census, the Superintendent of Public Instruction shall canvass the same so far as it relates to the population of the several school districts in this Commonwealth, and if it appears [in any of said cases] that the population of any school district in this Commonwealth, by such census [or such annexation], is such that it should be included in another class of school districts, the Superintendent of Public Instruction shall issue a certificate to such district to that effect, and such school district shall within the beginning of the first school year after such certificate is issued, become a school district of the class to which it properly belongs."

In considering the intent and purpose of the language here quoted, we have examined the definitions given by standard dictionaries to the words "population," "basis," "compute" and "canvass" and find them defined as follows:

Population—the whole number of people in a place or a given territorial area; also, any specific portion of that number; as, the foreign *population* of New York.

Basis—the foundation of anything; that on which a thing stands or on which anything is reared; a foundation, groundwork, or supporting principle; the principal constituent of a compound; a fundamental ingredient.

Compute—to determine by calculation; count; reckon; calculate.

Canvass—to examine; to scrutinize; to sift or investigate by inquiry; examine as to opinions, desires, or intentions; apply to or address for the purpose of influencing action, or of ascertaining a probable result.

The last United States census, as set forth in the official report thereof, is the "basis" or foundation which the Superintendent of Public Instruction shall "canvass" or examine and upon which he shall "compute" or determine by calculation the population of the school district.

The decennial census does not of itself determine the class of the school district, but merely indicates a certain basis upon which the Superintendent of Public Instruction may compute the population and declare the classification.

An indigent person cannot gain a settlement outside the district of his domicile. In all other districts he is but a transient. In so far as he is an indigent resident in a school district, having no domicile therein, he neither contributes to the school population of the district nor is he subject to property or *per capita* tax in support of its schools. He is not an elector within the district and is not eligible to office in the school system. The institution wherein he is housed is exempt from tax as a charitable institution or public building. An examination of the Constitution of Pennsylvania, article VIII, section thirteen, the various provisions of the School Code, and the general laws applicable to the school system, indicates that for political, financial and administrative purposes the school system is based upon taxables resident within the district.

The term "population" as used in section 106 of the School Code must be defined in the light of these and other provisions of the School Code and general laws affecting the administration of the school system.

Population is not to be reckoned by numbers only. As used in section 106 of the School Code, it is, in our judgment, to be confined to those who are

726

actual residents of the district. See In re Silkman, 84 N. Y. Supp. 1025, 1038, 1042, affirming 88 App. Div. 102.

It is our opinion that the Superintendent of Public Instruction, in canvassing the decennial census for Collier Township, Allegheny County, may exclude indigent nonresident inmates of a tax-supported institution located in the district. For this purpose he may ascertain the number of nonresident indigent inmates by affidavit of the superintendent or other officer having custody of the records of the inmates thereof. Having computed the population of the district, excluding such persons, he may issue a certificate accordingly. It is our opinion, also, that the pupils of a privately-owned school for deaf and dumb children which receives state aid to the full amount of cost and maintenance of such children, who are nonresidents of the district, may be determined by the Superintendent of Public Instruction, and having been determined, may be excluded in computing the population of the school district wherein the school is located.          From C. P. Addams, Harrisburg, Pa.